J-S40026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KELVIN MARQUIS HARRIS | |
| Appellant | No. 3216 EDA 2015 |

Appeal from the PCRA Order October 9, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003452-2014

BEFORE:  BOWES, J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.: **FILED JULY 08, 2016**

Appellant, Kelvin Marquis Harris, appeals from the October 9, 2015 order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.  After careful review, we affirm and grant counsel's petition to withdraw.

The PCRA court summarized the facts and procedural history following Appellant's evidentiary hearing on his PCRA petition as follows.

> On July 13, 2015, [Appellant] entered a guilty plea to Robbery and Criminal Conspiracy to Commit Robbery.  There was an agreed upon disposition in the case in which [Appellant] would be sentenced to a term of state imprisonment of not less than

fourteen (14) years nor more than forty (40) years. In exchange for this guilty plea, the Commonwealth agreed not to pursue the other counts of the Information, which included a charge of Criminal Homicide. On the same date, th[e trial c]ourt complied with the plea agreement and sentenced [Appellant] to the agreed upon aggregate sentence as stated above. Presently before th[e PCRA c]ourt is [Appellant]'s Motion for Post Conviction Collateral Relief that was filed on July 28, 2015, and amended on September 3, 2015. An evidentiary hearing relative to Defendant's motion was conducted before th[e PCRA c]ourt on October 8. 2015.

Sean Poll, Esquire, was appointed as a conflicts attorney to represent [Appellant] in the above-captioned matter. Attorney Poll negotiated with the Commonwealth and ultimately facilitated the terms of the guilty plea to which [Appellant] agreed. Th[e trial c]ourt conducted an extensive verbal colloquy with [Appellant] at the time of his guilty plea. The Commonwealth put the agreement on the record, in which it was agreed that the minimum sentence would be fourteen (14) years and the maximum sentence would be set at forty (40) years. The [trial c]ourt even reiterated this agreement to [Appellant], and he indicated that he understood the agreement. In addition, [Appellant] stated that he understood the rights that he had and the rights that he was relinquishing by entering into the guilty plea. He further indicated that no threats or promises were made to him to induce him to enter the plea, and that his guilty plea was voluntary. Finally, [Appellant] indicated on the record that he did not have any questions of the [trial c]ourt and that he understood the terms and effects of the guilty plea.

Dissatisfied with the sentence (although, based on the facts, not an unexpected sentence), [Appellant] requested that Attorney Poll file a Post Sentence Motion to challenge the sentence imposed. Attorney Poll refused to comply with said request, because in his professional opinion, the request was absolutely frivolous. Indeed, [Appellant] received

exactly what he had knowingly, intelligently, and voluntarily bargained for. Then, on July 28, 2015, [Appellant] filed his motion for post conviction collateral relief, which was amended on September 3, 2015.

PCRA Court Opinion, 10/9/15, at 1-3 (citations omitted). As noted, following the hearing held on October 8, 2015, the PCRA entered an order on October 9, 2015, denying Appellant's petition. On October 27, 2015, Appellant filed a timely notice of appeal.[1]

On appeal, counsel states the following issue on Appellant's behalf.

The trial court erred in finding that trial counsel provided effective assistance for the following reasons: trial counsel was ineffective by failing to file a requested motion for reconsideration of sentence since the sentence is excessive considering [Appellant]'s record and the circumstances.

*Turner/Finley* Letter Brief at 4.

Prior to considering Appellant's issue, we must review PCRA counsel's request to withdraw from representation. Our Supreme Court has articulated the requirements PCRA counsel must adhere to when requesting to withdraw, which include the following.

1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

---

[1] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925. We note, on November 4, 2015, the trial court filed a short Rule 1925(a) opinion adopting its October 9, 2015 opinion denying Appellant's PCRA petition.

2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

**Commonwealth v. Pitts**, 981 A.2d 875, 876 (Pa. 2009), *quoting* **Finley**, **supra** at 215. "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

[W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Id.** (citation omitted).

Instantly, PCRA counsel has complied with the technical requirements of **Turner**/**Finley**. Specifically, PCRA counsel's **Turner**/**Finley** brief and petition to withdraw detail the nature and extent of PCRA counsel's review, and explain and conclude that Appellant's ineffective assistance of counsel issue lacks merit. Additionally, PCRA counsel served Appellant with a copy of the petition to withdraw and **Turner**/**Finley** brief, advising Appellant that

if PCRA counsel was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel. Appellant has not filed any response. We proceed, therefore, to conduct an independent merits review of Appellant's issue.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

In his PCRA petition, Appellant alleges ineffective assistance of trial counsel for failing to file a motion for reconsideration of sentence upon Appellant's request. Appellant's Amended PCRA Petition, 9/3/15, at 1. When reviewing a claim of ineffectiveness, we apply the following test, first

articulated by our Supreme Court in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

> [C]ourts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (citations and internal quotation marks omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 329 (Pa. 2011).

Instantly, Appellant solely claims that his plea counsel was ineffective for failing to file a motion to reconsider his negotiated sentence. However, as the Commonwealth correctly notes in its brief, "[w]here a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal related to those agreed upon penalties." *Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa.

Super. 2009). Therefore, Appellant's claim has no merit, and counsel cannot be ineffective for failing to raise a meritless claim. **See Michaud**, **supra**.

Based on the foregoing, we conclude the PCRA court did not err in denying Appellant's PCRA petition. **See Fears**, **supra**. Accordingly, we affirm the PCRA court's October 9, 2015 order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/2016